UNION PLANTERS NATIONAL BANK, Executor of Estate of Forrest C. Ladd, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 5064.

United States District Court
W. D. Tennessee, W. D.

Oct. 26, 1964.

———◆———

Crawford McDonald, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, Tenn., for plaintiff.

Robert I. White, Justice Dept., Washington, D. C., for defendant.

BAILEY BROWN, District Judge.

This is a suit to recover a refund of estate taxes paid by plaintiff as executor of the estate of Forrest C. Ladd, deceased. Plaintiff demanded a jury. Both plaintiff and the Government have filed motions for summary judgment as to one of the issues.

The reason for the deficiency assessment of estate tax is the inclusion of the family residence of the deceased and his wife in the gross estate of the deceased. To include the residence in the gross estate, the Government relies on I.R.C. of 1954, Sec. 2035 (gift in contemplation of death) and Sec. 2036 (gift with retained life estate). Both parties recognize that the contemplation-of-death issue is not a proper subject for summary judgment motions, and both of them direct their motions only to the issue as to whether the residence may, under Sec. 2036, be included in the gross estate.

Sec. 2036 reads in relevant part as follows:

"§ 2036. Transfers With Retained Life Estate.

"(a) *General Rule.*—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full considera-

884

tion in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

"(1) the possession or enjoyment of, or the right to the income from, the property, * * * "

The Government has taken and filed the deposition of the widow of the deceased, Virginia Ladd, and both parties rely only on this deposition. In summary, the deposition reflects the following facts:

Forrest and his wife were married in 1941 and, after he was discharged from Naval Service in 1945, he became employed by a building materials firm. He was eminently successful and became executive vice-president and commanded a handsome salary. Around 1950, they purchased a lot, he supplying the money from his earnings, and title was vested in them as tenants by the entirety. Around 1953, the deceased and his wife built their residence on the lot, using initially $40,000, which they had saved from his earnings, and borrowing $17,500 from a bank to complete the residence. The deceased's earnings were likewise used to pay off the loan prior to his death. He and his wife moved into the residence, and thereafter he paid the bills and she ran the house.

They adopted a girl in 1955 and a little later adopted a boy. In April of 1958 Forrest deeded his interest in the residence to his wife. The deed was recorded and kept in a safety deposit box to which both had access. This was a gift and resulted from a casual conversation in which the deceased stated that he wanted to make a gift to her. Nothing was said about avoiding estate taxes or claims of creditors. Nothing was said about his retaining the right to live in the residence, although it was assumed, they being happily married, that he would live there. After the transfer and until the death of Forrest, he and his wife continued to live in the residence,

he paying the bills and she running the house. He died in 1959 as a result of an accidental drowning.

It is the first position of the Government that, from these facts, the Court on these motions must find that there was an express or implied agreement between Forrest and his wife that he would have the right to continue to live in the residence. Such an agreement, the Government contends, is a proper basis for including the residence in the gross estate. In this connection, it is the position of plaintiff that, from these facts, the Court must find that there was no such express or implied agreement.

It is the alternative position of the Government that, even if such an agreement must not be inferred, the mere fact that Forrest continued to live in the residence until his death is sufficient basis to include it in his gross estate. Plaintiff contends, on the other hand, that this undisputed fact is not a sufficient basis to include the residence in his gross estate.

The parties have furnished to the Court full memoranda, citing most, if not all, of the cases dealing with these questions. We find it unnecessary, however, to discuss these cases, because all of them, and some additional ones, are accurately analyzed and fully discussed in a recent article by Robert L. Markovits styled "The Fate of Inter Vivos Transfers Under Internal Revenue Code Section 2036" which appears in the December, 1963, issue of the Tax Counselors Quarterly at page 395. It appears that the precise questions raised here are of first impression. After consideration of the cases and this article, we have reached the conclusion that the mere fact that Forrest lived in the residence after the transfer and until his death is not in and of itself a sufficient basis to include the residence in his gross estate. On the other hand, we have also reached the conclusion that if there was an agreement between Forrest and his wife, express or implied, even though unenforceable, that he would have the right to continue to live in the residence, this would be a

sufficient basis to include the residence in his gross estate. The trier of the fact, in this case the jury, could reasonably reach different inferences from the undisputed facts. Accordingly, as the determinative ultimate fact cannot be said to be undisputed, a summary judgment cannot be granted to either party. It results that both the contemplation-of-death issue (under Sec. 2035) and the issue under Sec. 2036 must be submitted to the jury and both motions for summary judgment are overruled.